IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00308-RJC
(3:06-cr-00058-RJC-CH-1)

| | |
|---|---|
| ANTONIO FIELDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence which he filed through counsel pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and the Government's Response in support of collateral relief. (Doc. No. 3). For the reasons that follow, Petitioner's sentence will be vacated.

I. BACKGROUND

On March 29, 2006, Petitioner was indicted on one count of being a felon-in-possession of a firearm, in violation 18 U.S.C. §§ 922(g), and he was alleged to have attained the status of an armed career criminal pursuant to 18 U.S.C. § 924(e) ("ACCA"). On December 15, 2006, Petitioner pleaded guilty to the § 922(g) charge without a plea agreement. (3:06-cr-00058, Doc. No. 1: Bill of Indictment; Doc. No. 14: Acceptance and Entry of Guilty Plea). In Petitioner's presentence report (PSR), the probation officer found that Petitioner qualified as an armed career criminal under § 924(e) and USSG § 4B1.4, based on at least three prior convictions for either a violent felony or a serious drug offense.[1] Petitioner filed no objections to the PSR and he was

---
[1] The probation officer found the following North Carolina convictions qualified Petitioner as an armed career

later sentenced to the mandatory-minimum term of 180-months' imprisonment and he did not appeal. (Id., Doc. No. 21: PSR ¶ 17; Doc. No. 16: Judgment).

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

In this collateral proceeding, Petitioner argues that he is entitled to relief from his sentence because he no longer qualifies as an armed career criminal based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the ACCA was void for vagueness and therefore unconstitutional.[2] Petitioner also cites the Fourth Circuit's decision in United States v. Newbold, 791 F.3d 455 (4th Cir. 2015) to support his contention that he does not have the drug convictions to qualify him as an armed career criminal. (3:16-cv-00308, Doc. No. 1: Motion to Vacate).

Under the ACCA, a defendant that is convicted of a § 922(g) offense faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense." Id. § 924(e)(1). The ACCA defines a

---

criminal: common law robbery (1985); robbery with a dangerous weapon (1988); possession with intent to sell or deliver cocaine (1993); and breaking and/or entering (2004). (Id., Doc. No. 21: PSR ¶¶ 27, 31-32, 40).

[2] In Welch v. United States, the Supreme Court held that the holding in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016).

2

violent felony as "any crime punishable by imprisonment for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause."). The ACCA defines a "serious drug offense" as an offense that carries a maximum term of ten years or more in prison under state or federal law. Id. § 924(e)(2)(A)(ii)

The Government concedes that Petitioner is entitled to sentencing relief because his 1985 conviction for North Carolina common law robbery does not categorically qualify as a violent felony under the "force clause" of the ACCA, following Johnson. Id. § 924(e)(2)(B)(i). (Id., Doc. No. 3: Government's Response at 3-4). The Fourth Circuit recently examined the impact of the holding in Johnson to resolve the question of whether the offense of North Carolina common law robbery categorically qualified as a violent felony under the ACCA. The Court reasoned that the offense of common law robbery "may be committed by the alternative means of violence or fear. Accordingly, if either means of committing this crime does not require the 'use, attempted use, or threatened use' of 'physical force,' then North Carolina common law robbery does not categorically match the force clause of the ACCA." United States v. Gardner, __ F.3d __, 2016 U.S. App. LEXIS, at *16-17 (4th Cir. May 18, 2016) (internal citation omitted).[3] Based on the foregoing, the Court found that North Carolina common law robbery could only qualify as a

---

[3] On July 6, 2016, the Fourth Circuit denied the Government's petition for rehearing en banc in Gardner, and the Court's mandate issued on July 14, 2016.

3

violent felony under the ACCA by considering the offense under the residual clause, and because that clause was now deemed unconstitutional, the offense could no longer serve as a valid, predicate conviction to support a designation as an armed career criminal.

In the instant case, the Government also notes that Petitioner's 1993 North Carolina conviction for the possession with the intent to sell or deliver cocaine no longer qualifies as a serious drug offense because there is no indication in the record that Petitioner could have faced ten years or more in prison. (Government's Response at 5).

In United States v. Newbold, the Court applied its en banc holding in United States v. Simmons, 649 F.3d 237 (Cir. 2011), in which the Court held that in order to determine the maximum sentence that a defendant faces under North Carolina law, the sentencing court must examine the record of the particular defendant before the court and not a hypothetical defendant with the worst possible criminal record. In Miller v. United States, the Fourth Circuit held that the Simmons holding was retroactive to cases on collateral review. 735 F.3d 141, 147 (4th Cir. 2013).

Petitioner was sentenced under the terms of North Carolina's Fair Sentencing Act (FSA) to a term of 3-years' imprisonment for his 1993 conviction for the possession with the intent to sell or deliver cocaine. (3:06-cr-00058: PSR ¶ 32). At the time he was sentenced, the FSA provided for a presumptive term of 3-years in prison and a maximum terms of 10-years in prison.[4] In order to impose the maximum term of imprisonment, the state court was required to find aggravating factors to support the ten-year term. See Newbold, 791 F.3d at 461 (explaining sentencing under the FSA).

---

[4] The North Carolina General Assembly repealed the FSA effective October 1, 1994, and replaced it with the Structured Sentencing Act. See Newbold, 791 F.3d at 461.

As the parties observe, the superior court judge made no findings in aggravation and Petitioner was ultimately sentenced to a term of 3-years in prison. Accordingly, under <u>Simmons</u> and <u>Newbold</u>, Petitioner no longer stands convicted of a "serious drug offense" under the ACCA. (<u>Id.</u>, Doc. No. 1-2: State Judgment and Commitment).

Based on the foregoing, the Court finds that Petitioner no longer has three convictions to qualify him as an armed career criminal and he is therefore entitled to be resentenced.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), his sentence, (3:06-cr-00058, Doc. No. 16: Judgment); is **GRANTED**.
2. Petitioner shall remain in the custody of the Federal Bureau of Prisons pending his resentencing hearing.
3. The U.S. Probation Office shall prepare a Supplemental Presentence Report and file the same in the criminal case.
4. The Federal Defenders of Western North Carolina shall represent Petitioner for the resentencing hearing.
5. The parties may file sentencing memoranda no later than ten (10) days prior to the resentencing hearing.
6. The Clerk is respectfully directed to certify copies of this Order to the U.S. Probation Office.

The Clerk is directed to close this civil case.

**SO ORDERED**.

Signed: July 26, 2016

*Robert J. Conrad, Jr.* (signature)

Robert J. Conrad, Jr.
United States District Judge